Tukley, J.
delivered the opinion of the court.
The prisoner was indicted in the county of Claiborne, for the offence of passing a forged bank note of the value of ten dollars, purporting to have been issued by the Planters’ Bank of Tennessee, and for fraudulently keeping'said note in his possession, knowingit to be forged, with the intention to pass it. There are several counts in the indictment, upon the second of which the jury convicted him, but acquitted him upon all the others. The circuit judge arrested the judgment, and thereupon the State appeals to this court.
The second count charges the offence as follows: “The said Ralph Shelton, in the county of Claiborne, had about him, and feloniously and fraudulently keptin his possession, and concealed, the counterfeit resemblance and imitation of a bank bill of the Planters’ Bank of Tennessee, of the denomination often dollars, in the words and figures following, &e. He the said Ralph Shelton, then and there, well knowing the said false and counterfeit resemblance and imitation of a bank bill of the Planters' Bank of Tennessee, feloniously and fraudulently kept in his possession, and concealed as aforesaid, to be false and counterfeit; and the said Ralph Shelton, then and there feloniously *32 and fraudulently had about him, did keep and possess, and concealed said counterfeit resemblance with the intent, feloni-ously and fraudulently to impose the same on the community as a good and genuine bank bill of the Planters’ Bank of the State of Tennessee.” There is no averment in this count that the notes of the Planters’ Bank of Tennessee circulated as currency at the time the offence is charged to have been committed, and for this reason the circuit judge arrested the judgment; and the question now presented for our consideration is, whether the want of this averment vitiates the indictment.
The count upon which the prisoner was convicted, is framed under the provisions of the 32d section of the act of 1829, ch. 23, which provides, “That no person shall fraudulently keep in possession, or conceal the counterfeit resemblance, or imitation of any bank bill, or any note, check or draft, or any instrument which circulates as currency of any corporation, company or person, that exists or may exist, whether such bill, note, check, draft or instrument be complete and filled up or otherwise.”
It is a well settled principle of criminal law, that when a crime is created by statute, a bill of indictment framed thereon must in the description of the offence strictly follow the statute. Now the intention of this section of the statute was (in connection with others upon the same subject) to restrain the passing the counterfeit resemblance of bank obligations, which circulates in the community as money: if they are uncurrent and do not pass from hand to hand as money, there is no danger of any evil being inflicted upon society by the keeping in possession a forged resemblance thereof, because it cannot be passed as money, and the evil intended to be prevented cannot exist. Therefore it is necessary in a bill of indictment for this offence, that it should be averred that the genuine obligations of the bank, of which the forged resemblance is kept and concealed, did circulate as currency, for if they did not, it could not be kept and concealed fraudulently, for the fraud consists in the intent to pass it as money.
But it is argued by the Attorney General, that the court can judiciously know that the notes of the Planters’ Bank of Tennessee did, at the time of the alledged offence, pass as currency. *33 We do not think so. Gold and silver being the constitutional currency, a court can judicially know that coins composed of these metals always pass as currency, but not so with paper-money: it is a fictitious medium, one received by mutual consent, and implied agreement, and its currency is always regulated by the confidence of the community in the integrity of the institution which issues it, and its ability to redeem it in gold and silver; therefore it is, that money of this description may be current to-day and uncurrent to-morrow, as many instances in these United States have proven to the detriment and destruction of thousands. Then the question of the currency of this description of money is one of fact and not of law, and must in indictments of this character be averred and proved.
It is true, that the acts of the legislature of this State chartering the Planters’ and other Banks of the State are public laws, and can be judicially taken cognizance of by the courts, without pleading them or producing them in evidence; but the question as to their existence or powers, which is evidenced by the statute incorporating them, • has no connection whatever with the question, as to whether their notes circulate as currency, and upon this question cannot cast any light whatever; for we know that there have been banks in this State, the notes of which did not circulate as currency, though their charters had not expired, and all their powers, privileges and immunities were wholly unimpaired.
We are, therefore, of opinion that the circuit judge committed no error, and affirm the judgment on the motion in arrest.